FRANK HESS v. NORA SPARKS.

SLANDER — *Privileged Communications* — *Pleading*. In an action for slander, the question whether the language spoken was a privileged communication is not raised by a general denial. The privilege must be pleaded.

*Motion for Rehearing.*

THE facts are sufficiently stated in *Hess v. Sparks*, supra. The opinion herein was filed January 10, 1891.

*Peckham & Henderson, Pyburn & Love*, and *C. N. Sterry*, for plaintiff in error.

*Hackney & Asp*, for defendant in error.

*Per Curiam:* It is urged that the opinion handed down in this case wholly ignores the question whether the language spoken by defendant below was a privileged communication, or a qualified privileged communication. It is said that defendant below was one of the board of directors, and one of the largest stockholders of the company, and that the communication was made to the then secretary and treasurer of the company, in relation to an employé of the company.

The answer in this case was a general denial only. No facts in justification, or privilege, or qualified privilege, were alleged as new matter; therefore this question, so forcibly pressed upon the hearing of the motion for a new trial, was not before the trial court under the pleadings.

The demurrer to the evidence was properly sustained, and also the instruction prayed for properly refused, considering the pleadings and issues presented. Bliss, on Code Pleading, (in § 363,) says:

"Facts in justification, either as showing the truth of the charge or that the publication was privileged, were always required to be specially pleaded. Facts in mitigation are just as essentially new matter; they disprove no fact which the plaintiff is bound to establish; they create issues upon which no evidence can be offered until raised by the defendant; they should then be set up in the answer."

The other facts presented are sufficiently disposed of in the former opinion.

The motion for a rehearing will be overruled.