## JOHN A. BOTTOMLY *vs.* THOMAS F. BOTTOMLY.

*Action for Causing Discharge of Servant—Libel.*

A declaration setting forth that the defendant, maliciously intending to to effect the discharge of plaintiff by his employer, did maliciously write to the employer a letter, stating defendant's displeasure at something the plaintiff was alleged to have said, described as too bad to mention, in consequence whereof plaintiff was discharged, does not set forth a good cause of action, since it does not aver that the defendant's statement concerning the plaintiff was false.

Appeal from the Circuit Court for Anne Arundel County. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE and BOYD, JJ.

*James M. Munroe,* for the appellant.

An action for damages will lie where the two following elements occur: (1) An intentional wrongful act on the part of the defendant directed against the plaintiff; (2) Actual damages resulting to the plaintiff as the consequence of the wrongful act of the defendant. *Addison on Torts* (1880), vol. I, secs. 1, 16, 17, 18, 19, 22, 39, 40, 41. *Lueke* v. *Clothing Cutters, &c.,* 77 Md. 396 ; *Lynch* v. *Knight,* 9 H. L. C. 577. An action will lie against the defendant for procuring a third person to break his contract with the plaintiff. *Lumley* v. *Gye,* 2 E. & B. 216 ; *Bowen* v. *Hall,* 6 Q. B. D. 333 ; *Anson on Contracts,* p. 206 ; *Pollock on Torts,* 450-1 ; *Chipley* v. *Atkinson,* 23 Fla. 206. If by the malicious and wrongful act of defendant, a contract is broken between a third party and the plaintiff, by which injury ensues to the plaintiff, the defendant when sued for damages cannot set up as a defence that his wrongful and malicious act was not the *proximate cause* of the injury, but that the third party alone who broke the contract is re-

sponsible. · At one time this objectiou would have been held conclusive (*Vicars* v. *Wilcocks*, 8 East. 1 ; S. C. 2 Smith's Ldg. Cases, 1,) but this opinion is now disapproved. *Lynch* v. *Knight*, 9 H. L. C. 577 ; Cf. notes to *Vickars* v. *Wilcocks*, in 2 Sm. Ldg. Cases ; *Bowen* v. *Hall*, 6 Q. B. D. 333 ; *Knight* v. *Gibbs*, 1 A. &. E. 43.

*E. C. Gantt* (with whom was *John F. Williams* on the brief), for the appellee.

BRYAN, J., delivered the opinion of the Court.

As this case comes before us, the declaration contains only one count, and the question of its sufficiency is pre‐sented by a demurrer. This demurrer was sustained by the Court below, and the plaintiff has appealed. The decla‐ration averred that the plaintiff was in the employment of one Chard, and stood high in his regard and esteem, and that the defendant had so great an influence over Chard that he was afraid to offend him, and that the defendant maliciously intending to alienate the regard and esteem of the said Chard from the plaintiff, and maliciously intending to effect his discharge by Chard from his employment, ma‐liciously wrote and caused to be delivered to Chard a letter in the following words : "John (meaning the plaintiff) has said something *hear* of late which I (meaning the defendant) do not like, and myself (meaning the defendant) nor Lethia (meaning defendant's wife) shall never *poot* our foot on the place (meaning the property of said Chard) as long as he (meaning the plaintiff) stays *their*. For they are *to* bad to mention."

The declaration further avers that by reason of the letter, and without any other reason whatever, Chard discharged the plaintiff from his employment, and the plaintiff lost his regard and esteem.

The letter, mentioned in the declaration, stated to Chard the defendant's displeasure at something which the plaintiff was alleged to have said. It was described as something

too bad to mention.   The declaration does not aver that
the defendant falsely charged the plaintiff with using the
bad language attributed to him.    The law does not assume
that the charge was false in the absence of an averment to
that effect.    It must pass judgment on the pleading accord-
ing to the facts which it sets forth.   A true statement in
regard to plaintiff's language certainly would not subject
the defendant to a liability to damages.   The plaintiff would
have no legal cause of complaint if he were truly reported
as having used very offensive language.   Nor can the de-
fendant be regarded as culpable, because he expressed his
indignation to be so great that he would have no intercourse
with him, not even to the extent of visiting the place where
the plaintiff was staying.   A man certainly has a right to be
indignant when foul language is used respecting him, and
to make known to his friends and acquaintances and the
public generally that his resentment is so great that he will
not go to any place where he would be apt to meet the
person who had offended him.   This seems to be the overt
act which has caused the damage of which the plaintiff com-
plains.   If the defendant's letter had charged the plaintiff
with conduct which would justly incur scorn and contempt,
and would render him unfit for social intercourse ; if it had
even charged him with the commission of an atrocious
felony, he could, nevertheless, maintain no action against
the defendant if the charge should be proved true at the
trial.   It is well known that the truth of the offensive words,
written or spoken, is a complete justification for the use of
them.   The rules of practice require the justification to be
specially pleaded.   This is the technical form of presenting
the defence on the face of the record ; but this mode of
proceeding is the result of another technical rule, and in no
way detracts from the force and effect of the truth as an
element in the case, which is destructive of the plaintiff's
right of action.

We have implied, in what has been said, that the
declaration did not show a cause of action, inasmuch

much as it did not aver that the words of the defendant's letter were false. An examination of the approved precedents will show that in them the words which are the subject of complaint are usually charged as "false, scandalous and defamatory." And our Code, after stating that "whatever facts are necessary to constitute the ground of action, defence or reply, as the case may be, shall be stated in the pleading, *and nothing more*," proceeds to give forms which are declared to be sufficient, meaning, of course, that they contain what is necessary, and nothing but what is necessary. The thirty-fourth form charges that the defendant 'falsely and maliciously spoke" certain words ; the thirty-fifth, form charges that the defendant "falsely and maliciously printed and published" certain words. Code, Article 75, section 2 and section 23. According to the technical rule which we have mentioned, when the defamatory words are charged in the declaration to be false, the falsity is admitted, unless there is a plea specially alleging that they are true. But if the words are determined to be true, it is of no avail to allege that they were malicious, or that they caused damage to the plaintiff.

We do not question the general rule maintained by the counsel for the plaintiff, that when a wrongful act has been committed the wrongdoer is responsible in a suit at law for the damages resulting from it. But the very foundation of the right of recovery fails in this case, because the unlawful character of the supposed tortious act is not shown. In a very great number of instances the Courts have been called upon to decide actions for infringing legal rights, and the language of the opinions delivered has frequently been very general ; but it must always be interpreted with reference to the facts which were presented for adjudication. For instance, where it is said that when the plaintiff has a right he must have a remedy if he is injured in the enjoyment of it ; it must necessarily be understood that the injury must be an act which is unlawful in itself, or that it is rendered unlawful by the cir-

cumstances under which it is committed. Much reliance was placed by the plaintiff's counsel on the decision of this Court in *Lucke* v. *Clothing Cutters, &c.*, 77 Md. 396. In that case there was evidence competent to prove that the defendant procured the discharge of the plaintiff from an honest employment by which he earned his livelihood, and that this discharge was accomplished by threats which excited in the minds of the employers a well-grounded apprehension that if the plaintiff were not discharged their custom would be seriously diminished, and that great loss would also be caused by an order which would cause all of the union men in their employ to quit their service. We held that the conduct of the defendant was malicious and unlawful, and that it gave the plaintiff a good cause of action. It was a scheme to accomplish an unlawful result by unlawful means. Before leaving this subject we will quote from the Court's opinion a passage which is in entire harmony with what we have said about the necessity of showing that the statements were false which were contained in the letter of the defendant in this case. "Where a contract would have been fulfilled but for the *false* and *fraudulent* representations of third person an action will lie against such person." 77 Md. 408.

The demurrer was properly sustained, and the judgment will be affirmed.

*Judgment affirmed.*