No. 20,639.

ROSA KLOVER, *Appellant,* v. C. E. RUGH, *Appellee.*

SYLLABUS BY THE COURT.

SLANDER—*Attorney's Statement Privileged—No Allegation of Falsity— Petition Demurrable.* The petition in an action for damages for slander uttered by an attorney in the trial of a cause considered, and held that a demurrer was properly sustained, because the petition disclosed that the defamatory statement was privileged, and because the defamatory statement was not alleged to be false.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed February 10, 1917. Affirmed.

*Norman E. Hill,* of Salina, for the appellant.
*C. S. Crawford,* of Abilene, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for slander uttered by an attorney in the trial of a cause which he was conducting. A demurrer was sustained to the petition and the plaintiff appeals.

The material portions of the petition follow:

"The plaintiff herein is and was at all times hereinafter mentioned, of good reputation, sane mind, and on the 21st day of May, 1915, and previous thereto, was of good social standing and enjoyed the fellowship of a large concourse of friends in and around Solomon, Kan.

"That the defendant, C. E. Rugh, is and was at all times mentioned herein, a regular practicing attorney-at-law, and resides at Abilene, Kan.

"The plaintiff further alleges that on the 21st day of May, 1915, the said C. E. Rugh was in the employ of Charles Klover, and was the attorney on the part of the defendant, Charles Klover, in the case on trial on said day, entitled, Rosa Klover v. Charles Klover, which case was an action for alimony on the part of Rosa Klover against her husband, Charles Klover; and that said case was tried in the district

court of Dickinson county, Kansas; that in the trial of said case, the defendant, C. E. Rugh, maliciously and publicly made the statement, 'that the plaintiff herein, Rosa Klover, was crazy; that she was insane'; that said defamatory matter was spoken of and concerning the plaintiff **herein."**

The defendant argues that the petition shows on its face that the defamatory statement was privileged, and hence that the sufficiency of the petition could be tested by demurrer. The general rule is that the defense of privilege should be specially pleaded, when the fact of privilege does not appear on the face of the petition. (25 Cyc. 481.) The plaintiff assumes that the effect of the decision in the case of *Hess v. Sparks,* 44 Kan. 470, 25 Pac. 580, is that a demurrer will not lie to a petition disclosing the privileged character of the statement complained of. The opinion in *Hess v. Sparks* expressly stated that the defense of privilege was not before the court *under the pleadings.* No demurrer to the petition was filed. The petition did not disclose privilege. The answer was a general denial only, and the general rule that privilege, being new matter, should be specially pleaded, was applied. Consequently the decision is not an authority on the question under consideration. If the plaintiff himself assert in his petition facts which establish the privileged character of the words complained of, he asserts nonliability of the defendant, and there is no reason for the court to decline to entertain a demurrer. In the case of *Gosewisch v. Doran,* 161 Cal. 511, 119 Pac. 656, it was said:

"While it is ordinarily true that privilege is to be pleaded as affirmative matter of defense to an action for libel, yet where the complaint shows on its face that the publication was privileged, the point may be raised on general demurrer." (Syl. ¶ 4.)

All the authorities, English and American, agree that whatever an attorney may say during the trial of a cause, which has reference to the cause, is privileged. In England, the limitation of reference to the cause does not exist. In this country, by the weight of authority, the limitation is regarded. But the courts are liberal in applying the doctrine, and extend the privilege to all statements which may possibly be pertinent to the proceeding. (*Youmans v. Smith,* 153 N. Y. 214.) If the words spoken by an attorney in the course of a judicial

proceeding have reference to the cause under consideration, they are not actionable, although false and malicious. (*Maulsby v. Reifsnider,* 69 Md. 143.) The reasons for the privilege are ably stated in the opinion in the case just cited, an extract from which may be found in L. R. A., 1916 E, 783.

In this instance, if the statement complained of were made concerning the legal capacity of the plaintiff to maintain the suit, or as a comment on her conduct of the suit, or on her testimony as a witness, or had other reference or application to the cause or the trial of it, the statement would not be actionable.

The defendant argues that since the petition expressly alleged the statement was made by an attorney in the trial of a cause, it should be presumed, until the contrary appears, that the statement was referable to the cause, and not to something extrinsic. One of the reasons for the privilege is that an attorney ought to be free to act for his client, without being restrained by apprehension of personal consequences to himself, and that such independence is destroyed by being exposed to litigation. Liability to suit, involving expenditures of time and money, and involving uncertainty and anxiety, is itself a deterrent upon free and untrammeled advocacy. Unless the presumption be indulged, the defendant is exposed to the very hazard from which the law seeks to protect him, by a stratagem of pleading. The defendant illustrates his argument by producing the verified answer of his client, filed in the case on trial when the words complained of were spoken. The answer stated that the plaintiff had been adjudged insane in one of the Canadian provinces while residing there, that she had been confined in an asylum, had been found to be incurably insane, had been deported to Solomon City, Kan., had never been restored to sanity, and had been of unsound mind since the month of April, 1913.

The petition disclosed a judicial proceeding which was fully described and which was on trial on the day the words complained of were spoken. The defendant was described as attorney for one of the parties, and it was alleged that his defamatory statement was made "in the trial of said case." The law will not assume that the defendant stepped outside of his employment and outside of his office as an attorney and de-

Klover v. Rugh.

parted in his remarks from the proceeding. His statement having been made in the trial, *prima facie* it concerned the cause on trial, and was privileged. If the relation which, from the description given, the words appeared to bear, did not in fact exist, the plaintiff should have alleged that they had no reference to the cause. Without such an allegation, nonliability on the ground of privilege appeared on the face of the petition.

It may be remarked here that if the petition had contained an additional allegation to the effect that the defendant's utterance bore no reference to the trial or any matter connected with it, a general denial would not have raised an issue. Under the arbitrary rule governing the subject, the allegation would stand as admitted, unless the facts showing privilege were pleaded in the answer. This rule of pleading, however, does not relieve a plaintiff from the necessity of stating a cause of action in the petition, or relieve a plaintiff, when the petition is attacked by demurrer, from the consequences of having pleaded in the petition the privileged character of the defamatory utterance.

The petition was demurrable on another ground.

It is nowhere alleged, either directly or by plain inference, that the words attributed to the defendant were false. Characteristic words of a petition for slander, "false," and "falsely," are conspicuously absent. The words used on the date named in the petition, May 21, 1915, referred to some time in the past—"was crazy," "was insane"—and the plaintiff appears to have been careful to avoid stating that she was previously of sound mind, by discriminating between sane mind and social standing. In her brief the plaintiff justifies the form of her pleading by contending that she followed the form prescribed by section 126 of the civil code, which reads as follows:

"In an action for libel or slander, it shall be sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff; and if the allegation be denied, the plaintiff must prove, on the trial, the facts, showing that the defamatory matter was published or spoken of him."

That section does no more than make it unnecessary to plead extrinsic facts for the purpose of showing the applica-

tion to the plaintiff of the defamatory matter set out, where that would have been necessary at common law. The statement of the facts constituting a cause of action (Civ. Code, § 92) is still essential, and no cause of action for slander exists unless the defamatory words were falsely spoken. The word "maliciously" inserted in the petition did not strengthen it, because the truth is a full defense, even although the utterance of the defamatory statement were malicious. (Civ. Code, § 127, as interpreted by the decision in the case of *Castle v. Houston,* 19 Kan. 417.)

In 25 Cyc. 453, the rule of pleading is stated as follows:

"A petition for libel or slander which fails to allege that the words complained of are false is held to be demurrable."

In the case of *Bottomly v. Bottomly,* 80 Md. 159, the syllabus reads:

"A declaration setting forth that the defendant, maliciously intending to effect the discharge of plaintiff by his employer, did maliciously write to the employer a letter, stating defendant's displeasure at something the plaintiff was alleged to have said, described as too bad to mention, in consequence whereof plaintiff was discharged, does not set forth a good cause of action, since it does not aver that the defendant's statement concerning the plaintiff was false."

In the opinion it was said:

"The declaration does not aver that the defendant falsely charged the plaintiff with using the bad language attributed to him. The law does not assume that the charge was false in the absence of an averment to that effect. It must pass judgment on the pleading according to the facts which it sets forth. . . . If the defendant's letter had charged the plaintiff with conduct which would justly incur scorn and contempt, and would render him unfit for social intercourse; if it had even charged him with the commission of an atrocious felony, he could, nevertheless, maintain no action against the defendant if the charge should be proved true at the trial. It is well known that the truth of the offensive words, written or spoken, is a complete justification for the use of them. The rules of practice require the justification to be specially pleaded. This is the technical form of presenting the defense on the face of the record; but this mode of proceeding is the result of another technical rule, and in no way detracts from the force and effect of the truth as an element in the case, which is destructive of the plaintiff's right of action. . . . According to the technical rule which we have mentioned, when the defamatory words are charged in the declaration to be false, the falsity is admitted, unless there is a plea specially alleging that they are true. But if the words are determined to be true,

it is of no avail to allege that they were malicious, or that they caused damage to the plaintiff." (pp. 161, 162.)

The judgment of the district court sustaining the demurrer to the petition is affirmed.