No. 20,864.

B. J. Carver, *Appellant,* v. W. D. Greason, *Appellee.*

SYLLABUS BY THE COURT.

1. Libel—*Petition—Unwarranted Innuendoes.* The petition in an action for damages for libel examined, and held that certain innuendoes were properly stricken out because they undertook to extend the meaning of words beyond their natural signification.

2. Same—*Public Officer—Dereliction of Duty—Misconduct in Office.* The matter complained of as libelous charged the plaintiff with dereliction of duty and misconduct as a public official.

3. Same—*Privileged Publication.* The allegations of the petition are such that the privileged character of the published matter may not be inferred.

4. SAME—*Change of Venue—Application Premature.* The issues of fact not having been made up, an application for change of venue on the sole ground that the district judge will necessarily be a material witness for the plaintiff was properly overruled as premature.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed November 10, 1917. Reversed.

*B. J. Carver,* of Paola, *pro se.*

*Edward H. Coughlin,* and *R. E. Coughlin,* both of Paola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for libel. The court granted a motion to strike out certain innuendoes inserted in the petition, denied a motion for a change of venue, and sustained a demurrer to the petition. The plaintiff appeals.

All that is necessary in order to determine the propriety of the court's ruling, striking out the innuendoes, is to compare the explanations with the language sought to be explained. It is not necessary to print them. It is quite clear that the plaintiff undertook to extend the meaning of the defendant's statements concerning him beyond the natural signification of the words used.

The change of venue was asked for on the ground that the judge of the district court would necessarily be a material witness for the plaintiff. Bias or prejudice was not charged, and the judge was perfectly competent to rule on the motion to strike and on the demurrer. The issues of fact had not been made up, and have not yet been made up. Until that is done it can not be determined whether or not the judge will be needed as a witness. Consequently, the application for a change of venue was premature.

The alleged libel was contained in a newspaper article criticising the plaintiff's conduct as county attorney in connection with an application for a parole by a person who had pleaded guilty to a felony. The substance of the article was that the plaintiff, in response to a request by the court to hear from the county attorney, stated that he had made a thorough investigation of the applicant's previous conduct, and was satis-

fied justice would be best subserved by granting the parole, as the applicant was a first offender. The sheriff had investigated the applicant's record. The applicant had already served a term in the Illinois penitentiary, and the court confronted him with his rogue's gallery photograph. Vigilant investigation by the county attorney, whose duty it was to advise the court of the truth, would have apprised him of the facts ascertained by the sheriff. The plaintiff's recommendation to the court no doubt was at the solicitation of the applicant's attorneys, and the price the plaintiff was paying for subserviency to them. But for the sheriff, the combined efforts of the plaintiff and the applicant's counsel would have set free a man who ought to be in the penitentiary. Less politics, less juggling, less collusion between the plaintiff and certain lawyers in Paola are necessary.

The court is of the opinion the article charged the plaintiff with dereliction of duty and misconduct as a public official.

The defendant contends that the article contained an account of a judicial proceeding, with comment upon it, and that even if false, the publication was privileged. The narrative portions of the article and the comments extended considerably beyond what took place in court, and the petition, which must be taken as true for present purposes, charged the falsity of the entire article. Besides this, malice and a specific intent to injure the plaintiff were charged. The result is that the defense of privilege can not be made out from the face of the petition.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrer to the petition.