No. 22,107.

SOL WEIL, *Appellant*, v. JOHN H. LYNDS, *Appellee*.

SYLLABUS BY THE COURT.

1. SLANDER—*No Fatal Variance Between Allegations and Proof.* In an action for slander, where the defamatory words as pleaded were "He embezzled one thousand dollars or more from me in the La Cygne transaction alone," a fatal variance does not result from evidence showing that the words "from me" were not used, it appearing that the charge of embezzlement had reference to the relations of the person accused with a corporation of which the speaker was manager, and the title of which included his name.

2. SAME—*Voluntary Statement of Witness While on the Stand—When Privileged.* Where a witness while on the stand makes a voluntary statement—one not given in reply to a question asked him—he is entitled to absolute privilege with respect to it and, regardless of his motives, cannot be held to answer for it in an action for slander, if in fact it is pertinent to the issue being tried; otherwise he enjoys but a qualified privilege, depending upon whether or not he acted in good faith and believed the statement to be pertinent, as well as true.

3. SAME. An action for slander was based upon the defendant having said while on the witness stand, but not in reply to a question, that the plaintiff had embezzled a thousand dollars in a certain transaction.

The evidence showed the action in which the defendant had been a witness to have been one against the plaintiff in the present case for an accounting, the petition therein alleging that he had refused to account in respect to a business he had carried on for the plaintiff in that case; that he had used bad faith in its operation; and that in the transaction referred to in the statement of the witness he had taken live stock of his employer to a farm of his own and failed to account for it. *Held*, that, in view of these facts, and also of evidence indicating more fully the character of the controversy regarding the transaction at the farm, the statement made by the witness relating to embezzlement was pertinent to the issue on trial, and therefore absolutely privileged.

Appeal from Doniphan district court; ARTHUR C. BELL, judge *pro tem.* Opinion filed November 8, 1919. Affirmed.

*C. E. Butts,* of Troy, and *A. Bowers,* of St. Joseph, Mo., for the appellant.

*C. W. Reeder,* of Troy, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Sol Weil brought an action against John H. Lynds for slander. A demurrer to the plaintiff's evidence was sustained, and he appeals.

1. The words on which the action was based, as set out in the petition, were: "He embezzled one thousand dollars or more from me in the La Cygne transaction alone." The evidence was that the defendant had said of the plaintiff that he "had embezzled a thousand dollars, or more than a thousand dollars, in the La Cygne transaction alone." The defendant claims that there is a fatal variance between the allegation that the defendant had been accused of embezzling from the plaintiff and the evidence that the accusation did not specify against whom the alleged offense had been committed. The pleadings and testimony made it clear that the charge of embezzlement had reference to the relations between the plaintiff and a corporation known as the John H. Lynds Mill and Elevator Company, of which the defendant was the general manager, and that the plaintiff's dealings with the corporation had been conducted through the defendant. If the words proved had included the expression "from me" they could readily have been

shown to refer to the corporation. A disposition on the part of the courts has sometimes been manifested to hold the evidence very closely to the language pleaded—at least to its substance —but the general rule is that not all the words charged need be proved, so that those that are shown are actionable in themselves. (25 Cyc. 484; 17 R. C. L. 422.) We regard the claim of variance as untenable.

2. The ruling of the trial court was obviously based upon the theory that the statement of the defendant upon which the action is based was absolutely privileged. It was made while he was upon the stand as a witness, but not in reply to a question that had been asked him at the time. A discussion had been going on between counsel and the court as to the competency of certain testimony, when the witness, addressing the judge, before whom the case was being tried without a jury, used the words referred to.

There is considerable apparent, and some real, conflict as to the extent to which a witness is immune from being called to account in an action for slander for words spoken while upon the stand. His immunity is of course more extensive where what he says is in answer to a question asked of him than where he volunteers it. It is not his province to consider whether the question itself is proper, and he is not expected to be able to distinguish nicely as to the responsiveness of his reply. The public interest is concerned that the whole truth shall be brought out, and that nothing the witness knows that is really pertinent to the issue on trial shall be withheld through fear on his part that he may be subjected to a civil action for telling it. The same considerations, although doubtless to a less extent, affect the rule in the case of volunteer testimony. A witness is sworn to tell the whole truth, as well as nothing but the truth. If a fact is known to him which bears upon the matter under investigation, it is his duty to divulge it even although he might return a true categorical answer to every question asked him without doing so. An inclination to give only so much information as is absolutely essential to avoid perjury is not to be encouraged. The public welfare is subserved by such a condition of the law that a witness who knows of a fact which seems to him material to a decision of the controversy should voluntarily make it a part of his testi-

mony, rather than studiously hold it back through a well-founded fear that the other course might expose him to a damage suit. On the other hand, the fact that a person has been called upon to testify in a judicial proceeding ought not to afford him protection in whatever he may choose to say while occupying the witness stand. As a result of these and other considerations, this rule has been evolved, which appears to have met with acceptance wherever the precise question has been presented, although in different circumstances expressions have been used which taken alone might seem out of harmony with it. Where a witness while on the stand makes a voluntary statement—one not given in reply to a question asked him—he is entitled to absolute privilege with respect to it, and regardless of his motives cannot be held to answer for it in an action for slander, if in fact it is pertinent to the issue being tried; otherwise he enjoys but a qualified privilege, depending upon whether or not he acted in good faith and believed the matter to be pertinent as well as true. (17 R. C. L. 340; 4 B. R. C. 952.) The plaintiff accepts this test and concedes that if the words of which he complains were pertinent or relevant to the issue in the case which was being tried when they were spoken they were absolutely privileged and the demurrer was rightfully sustained. That, then, is the vital question to be determined.

3. The action in which John H. Lynds was a witness, at the time he charged Sol Weil with embezzlement, was one brought against Weil by the John H. Lynds Mill & Elevator Company to recover the amount which should be found due on an accounting with respect to transactions in which he had had charge of the business of the company under an agreement that the net earnings were to be divided equally between himself and it. The petition included the following allegations, all of which were put in issue by a denial:

"That during the continuance of said agreement, plaintiff furnished large sums of money and other supplies to defendant to operate said business, and for which defendant fails to account, but, instead, defendant received a large part of the profits from the operation of said business and retains much more than his share thereof. That in disregard of his obligations under said agreement, defendant, during the continuance of said agreement, negligently conducted said business in that the reports he did make were inaccurate and reported more on

hand than was actually held, and defendant permitted stock and grain and other produce to be taken from the premises by third parties, and defendant kept no account of the same and permitted said stock and grain and other produce to be retained by said third parties. That defendant so conducted the firm business as to gain secret profits therefrom and used bad faith and recklessness in the operation of said business. That defendant operated outside of the scope of the firm business with firm money and with the money of plaintiff and over the objection and protest of plaintiff, so as to cause losses which plaintiff had to pay and for which defendant should account. That with firm money and the money of plaintiff, defendant bought live stock and took to a farm of defendant's in Linn county, Kansas, and for which he failed and refused to account, though often asked to do so by plaintiff."

This language includes no technically complete charge of embezzlement, but it goes much further than merely to assert the failure to make payment of a balance due from the dealings between the parties. It alleges that Weil refused to account; that he retained more than his share of the profits; that his reports were inaccurate; that he reported more on hand than was actually held; that he permitted produce to be taken away and retained by others, keeping no account of it; that he gained secret profits from the business and used bad faith in its operation; and that with the company's money he bought live stock, which he took to his farm in Linn county, and for which he failed to account. The company was asking only what was owing to it on an accounting. There was no occasion for it to plead that Weil's conduct was criminal, for the amount of its recovery would not be affected by his motives. But it is obvious that proof that embezzlement had been committed would have entitled the company to recover the amount embezzled.

The evidence in the present case showed that Weil had a farm in Linn county, near La Cygne, to which he took stock purchased with funds of the company, so that when the defendant said that the plaintiff had embezzled a thousand dollars in the La Cygne transaction alone, the reference was obviously to the episode referred to in the paragraph of his petition relating to the Linn county farm. It was not necessary for the company, in order to have recovered in the accounting action by reason of what took place at the farm, to have shown that the plaintiff's acts amounted to embezzlement, but proof of that fact would have entitled it to a re-

covery.  If Weil had embezzled a thousand dollars at the farm, clearly the company was entitled to a credit of that amount on the settlement.

The plaintiff in the slander action, in attempting to make his case, apparently for the purpose of showing the falsity of the statement that he had been guilty of embezzlement, introduced evidence showing in great detail what business had been done at the farm and how it had been handled.  This evidence was precisely such as might have been given in behalf of Weil in the action for an accounting.  It doubtless was introduced for the purpose of showing, and on its face may have tended to show, that the business was fairly conducted and that the company was given credit for its share of any profits earned.  But the method of handling the business was complicated and somewhat confused, and if an inference might have been drawn from this evidence that anything more was due to the company than what Weil's version indicated, it would seemingly have been as tenable on the theory of embezzlement as on any other—that is, the controversy appeared to be over his good faith as much as over the accuracy of his accounts.  If Lynds had been prosecuted for perjury by reason of his statement that Weil had embezzled a thousand dollars in the La Cygne transaction, and a case had otherwise been made out against him, it does not seem possible that a conviction could have been avoided upon the plea that his testimony on that subject had not been relevant or material to the issue that had been on trial.

We conclude that in the light of the pleadings in the action for an accounting, and of the evidence in the present case, the statement made by Lynds while he was upon the witness stand, that Weil had embezzled a thousand dollars in the La Cygne transaction, was pertinent to the issue then on trial, and therefore that it was absolutely privileged.

It was shown that while on the stand Lynds had volunteered another statement, reflecting on the veracity of Weil, but this was not referred to in the petition, and the action was not based upon it.  It was material only as it might tend to show malice on the part of Lynds in making the charge of embezzlement.  His motive being rendered immaterial by the holding that his privilege was absolute, the additional statement, although not itself privileged, cannot affect the decision.

The suggestion is made in behalf of Weil that the arrangement between himself and the company amounted to a partnership, and therefore that he could not have been guilty of the embezzlement charged against him. If this be so, it would seem that the charge carried its own refutation and could not sustain an action. As the judgment must in any event be affirmed on the ground stated, this matter need not be gone into.

The judgment is affirmed.