No. 23,711.

Charles F. Lewis, *Appellee*, v. The Anthony Republican Publishing Company, *Appellant*.

SYLLABUS BY THE COURT.

Libel — *Slackerism and Perjury — Inducement and Innuendo Sufficiently Pleaded.* During the war with Germany, the defendant published in its newspaper an article concerning plaintiff, an able-bodied, unmarried man of military age, in which mention was made of plaintiff's futile efforts to procure deferred classification, and stated that when he was called to a military training camp and enroute thereto a friend got him off the train with permission to return to his home, that the local and district draft boards investigated his case, and that he made contradictory affidavits to excuse the breaking of his journey to the military training camp. Plaintiff's petition exhibited such article, and alleged that it was false and malicious, that it caused plaintiff's friends and associates to consider him and refer to him as a slacker, and had led them and the readers of defendant's paper to believe

17—111 Kan.

that the plaintiff had sworn falsely and had been guilty of perjury. *Held,* that the petition stated a cause of action in damages for libel, and that defendant's demurrer thereto was properly overruled.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed May 6, 1922. Affirmed.

*E. C. Wilcox,* and *Myrtle Youngberg,* both of Anthony, for the appellant. *Adrian S. Hauck,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment overruling a demurrer to a petition in an action for damages for the alleged publication of a false and malicious article in defendant's newspaper during the World War. The article was headed:

"DEFERRED MAN TO CAMP. LEWIS OF ATTICA HAD A FRIEND WHO GOT HIM OFF THE TRAIN—NOW HE MUST GO."

The article narrated the futile efforts of plaintiff to obtain deferred classification in the draft, that when he was called to the military training camp a friend succeeded in getting him off the train and getting permission for him to return to his home. It narrated a later investigation of plaintiff's case before the local draft board, and that he made contradictory affidavits to explain why he broke his journey to the training camp; and told of a peremptory order of the provost marshal directing that plaintiff be summarily forwarded to Camp Funston.

On behalf of appellant it is urged that the petition did not contain the recitals of "inducement, colloquium and innuendo" which are usually requisite to good pleading in an action for libel. (25 Cyc. 436, 449.)

The alleged article was so direct and pointed that it had little need of recitals of inducement to make its meaning intelligible, nor to show that it referred to plaintiff. The innuendo involved in the imputation of perjury was sufficiently pleaded. Moreover, this was a civil action, not a criminal prosecution, and the strict rules of criminal pleading have little relation hereto.

The article was bound to render the plaintiff contemptible as a slacker, and expose him to the public as so lacking in patriotism in his country's time of need that he would swear first to one thing and then to another to avoid military service. There can be no doubt that the facts recited in the article, if false, were actionable.

The last paragraph of the published article did contain certain statements which in no way reflected on the plaintiff. It implied an attempt on the part of his father to bribe a member of the draft board to obtain deferred classification for plaintiff. The allegations of the petition pertaining to this feature of the alleged libelous article might have been subject to a motion to strike, but the petition was not demurrable. It should have been met by a denial, or by a plea of justification. (Bill of Rights, § 11; Gen. Stat. 1915, §§ 7018, 7019; *Castle v. Houston,* 19 Kan. 417; *Mundy v. Wight,* 26 Kan. 173; *Eckert v. Van Pelt,* 69 Kan. 357, 361, and citations, 76 Pac. 909; *Klover v. Rugh,* 99 Kan. 752, 755, 756, 162 Pac. 1179; *Carver v. Greason,* 101 Kan. 639, 168 Pac. 869.)

Judgment affirmed.