No. 24,473.

ARCHIE J. BUGG, *Appellant,* v. THE NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, *Appellee.*

SYLLABUS BY THE COURT.

LIBEL—*Pertinent and Material Allegations in Answer to a Petition in a Pending Action Absolutely Privileged.* Pertinent and material allegations in an answer to a petition filed in an action pending in a district court are absolutely privileged; and a demurrer to a petition in an action for libel based on such allegations is properly sustained, although it is alleged in the petition that the allegations of the answer were willfully and maliciously false.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed November 10, 1923. Affirmed.

*E. L. Burton,* and *W. D. Atkinson,* both of Parsons, for the appellant.

*C. C. Crow,* and *John H. Newman,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiff seeks to recover damages for the publication of alleged libelous matter contained in an answer filed by the defendant in a suit pending in the district court of Labette county, Kansas, wherein Emma E. Bugg was plaintiff and this defendant was defendant. The defendant had issued to Emma E. Bugg a policy of fire insurance covering a dwelling house, a barn, and a coal and storage house. The barn was burned, and the coal and storage house was damaged. The defendant refused to pay the loss, and Emma E. Bugg commenced an action to recover on the policy. The answer of the defendant contained the following:

"Defendant states that the fire described in, and on account of which this suit was instituted to recover on the policy attached to and made a part of plaintiff's petition, (meaning Emma E. Bugg's petition) was deliberately caused by plaintiff (meaning Emma E. Bugg plaintiff in said cause No. 1695): that plaintiff (meaning the said Emma E. Bugg) duly and orally authorized her brothers Arch Bugg (meaning plaintiff herein), Fred Bugg and some other person, to defendant unknown or either of them to set fire to and burn said barn and that thereafter said Arch Bugg, (meaning plaintiff herein), Fred Bugg and an unknown person, or either of them, did unlawfully and secretly set fire to and burn said. barn, and that the barn was intentionally burned for the purpose of plaintiff, (meaning Emma E. Bugg) attempting to collect the amount of insurance provided for in said policy from the defendant company, (meaning defendant herein) and on account thereof, this defendant is not liable to plaintiff (meaning Emma E. Bugg) for any sum whatever."

The petition in the present action alleges that the quoted allegations of the answer were libelous. The petition also contains all other allegations necessary to state a cause of action for libel, if such an action can be maintained on statements made in an answer where they are willfully and maliciously false. A demurrer to the petition of the plaintiff in this action was sustained. Judgment was rendered in favor of the defendant, and from that judgment the plaintiff appeals.

The plaintiff in his opening statement in his brief says:

We recognize this court in libel and slander cases has followed the great weight of authority, that where in an allegation of a pleading, a statement by a party or his attorney, or a statement by a witness is material or pertinent to the case, that such allegation or statement is absolutely privileged."

In *Bailey v. Dodge*, 28 Kan. 72, this court said:

"In an action for malicious prosecution, it was shown that the defendant filed with a justice of the peace an affidavit for a search-warrant to search

the plaintiff's house, which affidavit stated that certain goods had previously been feloniously taken, stolen, and carried away by the plaintiff, and that they were then concealed in the plaintiff's house; and there was ample evidence introduced on the trial tending to show that the plaintiff [defendant] had reasonable and probable cause for believing that these statements were true; . . . *further held,* that although it was not necessary to state in the affidavit that the plaintiff stole the property, or to state who in fact did steal it, yet that the allegation contained in the affidavit, that the property was feloniously stolen, taken, and carried away by the plaintiff, cannot constitute the basis for an action of slander or libel." (Syl. ¶ 6.)

We quote from *Weil v. Lynds,* 105 Kan. 440 and 445, 185 Pac. 51, as follows:

"An action for slander was based upon the defendant having said while on the witness stand, but not in reply to a question, that the plaintiff had embezzled a thousand dollars in a certain transaction. The evidence showed the action in which the defendant had been a witness to have been one against the plaintiff in the present case for an accounting, the petition therein alleging that he had refused to account in respect to a business he had carried on for the plaintiff in that case; that he had used bad faith in its operation; and that in the transaction referred to in the statement of the witness he had taken live stock of his employer to a farm of his own and failed to account for it. *Held,* that, in view of these facts, and also of evidence indicating more fully the character of the controversy regarding the transaction at the farm, the statement made by the witness relating to embezzlement was pertinent to the issue on trial, and therefore absolutely privileged." (Syl. ¶ 3.)

"We conclude that in the light of the pleadings in the action for an accounting, and of the evidence in the present case, the statement made by Lynds while he was upon the witness stand, that Weil had embezzled a thousand dollars in the La Cygne transaction, was pertinent to the issue then on trial, and therefore that it was absolutely privileged." (p. 445. See, also, *Klover v. Rugh,* 99 Kan. 752, 162 Pac. 1179.)

We see no reason for changing the rule that has long been established. Greater evil would flow from a contrary rule than results from the one that is followed by the courts in this country.

The judgment is affirmed.