Harper v. Huston.

No. 26,111.

JOHN HARPER, *Appellant*, v. N. W. HUSTON, *Appellee*.

SYLLABUS BY THE COURT.

LIBEL AND SLANDER—*Pleading—Falsity of Matter Published—Murder Prosecution Proceedings*. The petition in an action for damages for libel considered, and *held*, that a demurrer was properly sustained because the petition contained no averment that the statements published were untrue, and published with the knowledge of their being untrue, and because the statements published, when considered in their entirety, did not falsely convey the information or impression that the plaintiff was guilty of the crime of murder of which he was charged.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed February 6, 1926. Affirmed.

*Charles Stephens* and *Frank E. Dresia*, both of Columbus, for the appellant. *Fred A. Walker* and *C. B. Skidmore*, both of Columbus, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for damages on account of alleged libel. A general demurrer to plaintiff's petition was sustained, and he appeals.

The libel was alleged to have been printed in the Columbus *Daily Advocate*, following a preliminary hearing of plaintiff, who was charged with murder. The hearing occupied the first day until about three o'clock in the afternoon, at which time it was adjourned. The *Daily Advocate*, published by the defendant, which goes to press about 3:30 p. m., gave a synopsis of the evidence of various witnesses who testified in the forenoon, but gave none of that adduced at the afternoon hearing. Further testimony taken of an adjourned hearing was not published. Plaintiff was discharged by the justice, and only the ultimate facts showing his discharge were published.

Plaintiff contends that the defendant, instead of publishing either a full or abridged report of the proceedings, published garbled extracts therefrom, ignoring the testimony on behalf of the defendant (plaintiff here): It would serve no profitable purpose to reproduce the entire article. The headlines, however, were as follows:

Libel and Slander, 36 C. J. pp. 1157 n. 71, 1274 n. 87; 37 C. J. p. 33 n. 65; 17 R. C. L. 389.

Harper v. Huston.

"Case Continued.

"Testimony Introduced in Harper Preliminary To-day.

"He is Charged With Murder.

"Case Continued by Justice Hawkins Until August 14,

Over Protest of County Attorney."

Following the headlines was a synopsis of the testimony of a number of witnesses. The article concluded with:

"Mrs. Waggoner was put back on the stand this afternoon and cross-examined by the defense lawyers. About two o'clock Stephens & Dresia said they had heard of some new evidence and asked for a continuance of a few days. It was granted by Hawkins over the protest of County Attorney Rosenstein. The date for the later hearing was set at August 14."

The second article follows:

"Discharge Harper.

"Found Not Guilty of Murder of Charles Flemming.

"John Harper, charged with first degree murder in connection with the fatal shooting of Charles (Dickie) Flemming in the south part of the county on the afternoon of Sunday, May 13, this year, was discharged as the result of his preliminary hearing, in the justice court of F. H. Hawkins this afternoon. Most of the evidence in this case was introduced last Tuesday and the trial of the case was resumed at 10:30 o'clock this morning."

The articles complained of show that they were abridged and condensed. They did not purport to give a full account of the preliminary examination, nor were they in our opinion, garbled accounts of the proceedings.

It has been held that the published report of a judicial proceeding may be abridged or condensed, provided it is not unfair to the complaining party. (See *Cobb v. Oklahoma Publishing Co.*, 42 Okla. 314, 140 Pac. 1079.)

"To justify a newspaper report of judicial proceedings, it is not necessary that the identical language be shown, and all that is essential is that it be the same in meaning and substance." (*Blodgett v. Des Moines Daily News Co.*, 113 N. W. 821 [Ia.].)

The petition lacked an essential averment that the evidence published was untrue and published with knowledge of its being untrue. (*Klover v. Rugh*, 99 Kan. 752, 162 Pac. 1179; *Dickinson v. Hathaway*, 122 La. 644, 21 L. R. A., n. s., 33.)

The two articles must be considered together, and, in order for them to constitute libel against the plaintiff, it would have been

necessary to allege that they falsely conveyed the information or impression to the readers of the newspaper that John Harper was guilty, as charged; that the publisher conveyed and intended to convey that meaning, and that he knew that the statements were false. It is apparent that the meaning conveyed by the articles quoted was that John Harper was not guilty and that he was fully exonerated. Under the circumstances there was no necessity for publishing the testimony of the witnesses alleged to have testified favorably to him.

The judgment is affirmed.