No. 29,595.

BERT J. MICKENS, *Appellant,* v. J. B. DAVIS and F. A. TRUMP, *Appellees.*

(294 Pac. 896.)

Opinion filed January 10, 1931.

*Dennis Madden,* of Topeka, and *John Madden,* of Wichita, for the appellant.

*C. C. Stewart,* of Lawrence, for appellee F. A. Trump; *J. D. M. Hamilton,* of Topeka, and *F. M. Harris,* of Ottawa, for appellee J. B. Davis.

The opinion of the court was delivered by

MARSHALL, J.: The action is one by the plaintiff to recover damages from the defendants for a libel alleged to have been published by the defendants of and concerning the plaintiff. A demurrer of the defendants to the amended petition of the plaintiff was sustained. From the order sustaining that demurrer the plaintiff appeals.

The material parts of the amended petition are that the plaintiff had obtained a judgment in the district court of Douglas county against the Lawrence Paper Manufacturing Company under the workmen's compensation law; that after the rendition of that judgment the district court appointed the defendants, who were physicians and surgeons, to examine the plaintiff and determine whether his disability was still existing and whether it was permanent or partial, and report the result of such inquiry; that—

"The plaintiff submitted to an examination by said defendants in pursuance of said order of the court at Ottawa, Kan., and that said defendants, falsely and maliciously intending to injure and defraud the plaintiff, made, signed and published a pretended report in writing of the nature and cause of the injury of the plaintiff, thereby intending to prevent him from securing

said compensation made under said judgment; to expose him to public hatred and ridicule and to deprive him of the benefit of social confidence and intercourse."

And that the defendants reported—

"That the cause of plaintiff's injury was a spinal lesion, apparently due to syphilis, and that same was a progressive lesion, and that he, plaintiff, would probably never be better than he is now."

The amended petition also alleges—

"That said defendants knew at said time and at all times that said charge and accusations were false and fraudulent, and same were published, as aforesaid, of and concerning the plaintiff, with the malicious attempt to injure and defraud him, and said defendants knew the same to be, at all times, false and fraudulent and malicious."

The order appointing the defendants to make such examination was as follows:

"It is by the court ordered, adjudged and decreed that said plaintiff, Bert J. Mickens, be examined by Dr. John B. Davis and Dr. F. A. Trump, both of Ottawa, Kan., and that said examination be a complete physical examination for the purpose of reporting on the present physical condition of said Bert J. Mickens."

The report of which complaint is made was as follows:

"1. Is Bert J. Mickens at the present time totally incapacitated from work? Yes.

"2. If he is not totally incapacitated from work, what is his percentage of disability?  A. ———.

"3. Would you state that the present disability he has is due to injury which he claims to have received on January 20th of 1927?  Wholly?  A. No. Partially?  A. No.  If so, what percentage?  A. ———.  Disability result of other things?  A. Yes.

"4. Do you consider this disability permanent in character?  A. Yes.

"5. State what the disability is, and the direct effect that any existing disability has on Bert J. Mickens' ability to perform any work.  A. Spinal cord lesion.  Apparently due to syphilis.  This is a progressive lesion and he will probably never be any better than he is now."

It should be noted that the order of the district court appointing the defendants to make an examination of the plaintiff was made in an action in which judgment had been rendered in the district court.  The defendants acted in obedience to that order and made their report.  The plaintiff, so far as the petition is concerned, voluntarily submitted to that examination.

The plaintiff relies on *Hess v. Sparks*, 44 Kan. 470, 25 Pac. 580, the syllabus to which reads:

"In an action for slander, the question whether the language spoken was a privileged communication is not raised by a general denial. The privilege must be pleaded."

In addition to the case cited, *Klover v. Rugh*, 99 Kan. 752, 162 Pac. 1179, should be noticed. There the court said:

"The defendant argues that the petition shows on its face that the defamatory statement was privileged, and hence that the sufficiency of the petition could be tested by demurrer. The general rule is that the defense of privilege should be specially pleaded when the fact of privilege does not appear on the face of the petition. (25 Cyc. 481.) The plaintiff assumes that the effect of the decision in the case of *Hess v. Sparks*, 44 Kan. 470, 25 Pac. 580, is that a demurrer will not lie to a petition disclosing the privileged character of the statement complained of. The opinion in *Hess v. Sparks* expressly stated that the defense of privilege was not before the court under the pleadings. No demurrer to the petition was filed. The petition did not disclose privilege. The answer was a general denial only, and the general rule that privilege, being new matter, should be specially pleaded, was applied. Consequently the decision is not an authority on the question under consideration. If the plaintiff himself assert in his petition facts which establish the privileged character of the words complained of, he asserts nonliability of the defendant, and there is no reason for the court to decline to entertain a demurrer. In the case of *Gosewisch v. Doran*, 161 Cal. 511, 119 Pac. 656, it was said:

" 'While it is ordinarily true that privilege is to be pleaded as affirmative matter of defense to an action for libel, yet where the complaint shows on its face that the publication was privileged, the point may be raised on general demurrer.' (Syl. ¶ 4.)" (p. 753.)

We quote from *Marney v. Joseph*, 94 Kan. 18, 20, 145 Pac. 822, as follows:

"It is first contended that the defamatory statements in question belong in the class called absolute privilege. This privilege is founded on public policy and provides immunity for those engaged in the public service and in the enactment and administration of law. It is not intended so much for the protection of those engaged in that service as it is for the promotion of the public welfare, the purpose being that members of the legislature, judges of courts, jurors, lawyers and witnesses may speak their minds freely and exercise their respective functions without incurring the risk of a criminal prosecution or an action for recovery of damages."

See, also, *Weil v. Lynds*, 105 Kan. 440, 185 Pac. 51; *Bugg v. Insurance Co.*, 114 Kan. 549, 220 Pac. 258; 17 R. C. L. 333; 36 C. J. 1250, 1258.

The report made by the defendants to the district court was in the nature of the evidence of witnesses given in the trial of an action for the information of the court on which to base its judgment. For that reason the report of the defendants was a privileged

communication, and they are not liable to the plaintiff in an action for libel.

The demurrer was properly sustained, and the judgment is affirmed.