**Clarence J. DICK, Appellant,**

v.

**TRUCK INSURANCE EXCHANGE,**
**Appellee.**

**No. 9469.**

United States Court of Appeals
Tenth Circuit.

Nov. 27, 1967.

Bill R. Cole, of Weinlood, Cole, Oswalt & Shaffer, Hutchinson, Kan. (Smith, Shay, Farmer & Wetta, Wichita, Kan., on the brief), for appellant.

Malcolm Miller, Wichita, Kan. (Robert C. Foulston and Benjamin C. Langel, Wichita, Kan., on the brief), for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge,[*] and BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM:

On January 13, 1965, in the United States District Court for the District of Kansas, Clarence J. Dick sued Truck Insurance Exchange in two counts to recover damages for malicious prosecution and for libel. As to the first count, Dick alleged that Truck, through its agent, H. Newlin Reynolds, instituted legal proceedings against him in the Probate Court of Reno County, Kansas, alleging he was mentally ill and should be committed to a mental hospital; that a jury in the Probate Court subsequently found him sane; that appellee knew the allegations were false, but maliciously prosecuted such proceedings for its own gain. The libel count was based on affidavits filed by appellee's agent in support of the proceedings so instituted.

Among other defenses, the defendant[1] pleaded that the claimed wrongful acts were privileged, were done pursuant to advice of counsel and in good faith. During a pretrial conference, the defendant moved for summary judgment. Thereupon the parties stipulated that Reynolds had instituted the Probate Court proceedings to which we have referred and had filed therein the affidavits of which plaintiff complains, and that the lunacy inquiry terminated as above shown. They further stipulated as follows:

"Both before and after the events stipulated above, H. Newlin Reynolds was the attorney representing the defendant and its insured, Skinner Plumbing Company, in handling this workmen's compensation proceeding brought against them by the plaintiff, Clarence J. Dick. On the basis of investigations made and information obtained by H. Newlin Reynolds and at his suggestion and on his advice, the defendant authorized him to bring the proceedings or file the petition in Probate Court as stipulated above. Defendant's authorization to Mr. Reynolds was based solely on information furnished by Mr. Reynolds and on his advice that such a proceeding was proper to establish their defense or to comply with the examiner's order in the workmen's compensation proceeding."

The parties also agreed to submit to the court the defendant's motion for summary judgment on the basis of the stipulated facts, which they said could be considered as true for that purpose.

---

[*] Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

1. To avoid confusion, we shall hereafter refer to the appellant as plaintiff and the appellee as defendant.

These stipulations were set forth at length in a pretrial order. The motion having thus been submitted, the trial judge awarded summary judgment to the defendant as to both the libel and the malicious prosecution counts.

■■ Although he appealed from the entire judgment, Dick's brief is limited to an attack on the trial court's ruling with respect to the charge of malicious prosecution. Whether the plaintiff thereby abandoned his appeal from the judgment on the libel count is immaterial, for in any event we hold the court ruled correctly in holding the affidavits upon which the libel count was based were absolutely privileged.[2] Bugg v. Northwestern National Ins. Co. of Milwaukee, Wis., 114 Kan. 549, 220 P. 258 (1923); and Stone v. Hutchinson Daily News, 125 Kan. 715, 266 P. 78 (1928).

■ Turning to the malicious prosecution count, we note that in Kansas the rule is that to recover damages for the malicious prosecution of a civil suit plaintiff must allege and prove, not only that the defendant was actuated by malice in commencing the prosecution, but also that it was instituted without probable cause. Walker v. Smay, 108 Kan. 496, 196 P. 231 (1921); Rowe v. Glen Elder State Bank, 132 Kan. 709, 297 P. 703 (1931). It is not enough to show malice alone nor the absence of probable cause alone. Both must concur, and unless both are shown the plaintiff must fail. Ahring v. White, 156 Kan. 60, 131 P.2d 699 (1942).

■ Although the precise relation between the workmen's compensation case and the lunacy petition is not clear, plaintiff stipulated that defendant authorized the latter solely on information furnished by Reynolds and on his advice that such a proceeding was proper to establish its defense or to comply with the examiner's order in the workmen's compensation case. We hold this stipulation shows probable cause, and negatives malice on the part of defendant.

The only interest Reynolds had in the lunacy proceeding was its effect on another case in which defendant's liability was an issue. This was not enough to disable him from giving the advice he gave, nor to cause defendant to suspect Reynolds of bias, prejudice or any other improper motive.

In determining that the plaintiff failed to prove either malice or want of probable cause and in consequently awarding summary judgment to the defendant, the District Court was clearly correct.

Affirmed.

---

2. The question of privilege is, in Kansas, a matter of law to be determined by the court when the evidence is undisputed, as in this case. Faber v. Byrle, 171 Kan. 38, 229 P.2d 718 (1951).